· No. 11,781.

STATE OF LOUISIANA VS. WILLIAM NIXON.

Although the cross·examination of the witness for the State is closed, the defend-
ant's counsel should be allowed to question the witness as to contradictory
statements by him, so as to afford the basis to introduce proof of such state-
ments, and thus impeach the witness' credit, the witness being at hand, and on
the stand, and the exercise of the right claimed on behalf of the prisoner
operating no delay or injury to the State.  1 Greenleaf on Evidence, Sec. 462;
8 Robinson, 562.

A PPEAL from the Nineteenth Judicial District Court for the
    Parish of Iberia.    *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *R. F. Broussard*, Dis-
trict Attorney, for Plaintiff, Appellee.

*David Todd* and *W. H. Todd* for Defendant, Appellant.

Argued and submitted on briefs April 13, 1895.
Opinion handed down April 22, 1895.

The opinion of the court was delivered by
MILLER, J.   The defendant, sentenced to imprisonment under a
conviction for manslaughter, prosecutes this appeal.

Our conclusion is controlled by the bill of exception to the ruling
of the lower court, refusing the right claimed by the counsel for the

prisoner of propounding to one of the State's witnesses the question whether he had made contradictory statements different from those made on the stand. The witness had testified to the guilt of the accused. One of the modes of discrediting testimony is proof of contradictory statements by the witness. To offer such proof the basis must first be laid by questioning him as to such statements so as to afford him an opportunity to deny or admit, and explain the supposed contradictory statements. Without such basis first laid, no proof of the statements is admissible. It is the right of the accused to offer such proof, and, of course, to lay the basis requisite. This right was asserted, and denied by the lower court on the ground stated in the bill. 1 Greenleaf on Evidence, Sec. 462.

The witness for the State had been examined, tendered to defendant, cross-examined and dismissed. When the case was resumed after a short recess, the counsel for the prisoner asked to have the witness recalled; he was brought back to the stand, and the question as to the contradictory statements was then propounded. On the State's objection that the witness had been cross-examined and dismissed, the court sustained the objection, denying the prisoner the asserted right to lay the basis for the proof of the statement.

We can understand that there may be cases when the ruling would be proper, as, for instance, where the witness had left the court room, and delay would be the consequence of the assertion of the right claimed for the prisoner in this case. Here the witness was on the stand. The appropriate time for questioning the witness as to contradictory statements is on his cross-examination. But we think it would be straining a general rule to deny to a prisoner on trial for his life the opportunity to put such questions, merely because his counsel had concluded his cross-examination, the witness being at hand and on the stand. We no not think so rigid an application of the rule is supported by the text-books or adjudicated cases, recognizing, as they do, the legal discretion in respect to the subject of the trial judge. In this case, too, the prisoner's counsel stated he had learned of the contradictory statements only after the cross-examination. The relaxation of rules as to the order of introducing and method of examination of witnesses in criminal cases has received frequent illustration, and we think the counsel for the defendant should have been allowed to ask the questions excluded by the ruling of the lower court. State vs. Duncan, 7 Rob. 562; State vs. Colbert, 29 An. 715; State vs. Baker, 30 An. 1135.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be set aside and avoided; that a new trial be had, and the defendant be held in custody to stand said new trial.